1731087                                                                                                    329-20880

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **IN THE MATTER OF THE COMPLAINT OF RIVER CONSTRUCTION INC., AS OWNER AND OPERATOR OF THE RC-100 FOR EXONERATION FROM OR LIMITATION OF LIABILITY** | CIVIL ACTION NO: <br><br> DISTRICT JUDGE: <br><br> MAGISTRATE JUDGE: <br><br> Admiralty – Rule 9(h) |

**VERIFIED COMPLAINT FOR
EXONERATION FROM OR LIMITATION OF LIABILITY**

**TO THE HONORABLE JUDGE OF THIS COURT:**

**COMES NOW**, through undersigned counsel, River Construction Inc., as the owner and operator, of the crane barge, the RC-100, (hereinafter "Petitioner"), in a cause for exoneration from and/or limitation of liability, civil and maritime, and respectfully shows the following:

1.

This action is within the admiralty and maritime jurisdiction of this Honorable Court pursuant to Rule 9(h) of the Federal Rules of Civil Procedure, 28 U.S.C. § 1333, and Rule F of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

2.

At all times pertinent hereto, Petitioner was the owner and operator of the RC-100, its equipment, tackle, apparel, fixtures, and furniture.

3.

Petitioner is a corporation organized under and existing by virtue of the laws of the State of Louisiana. Petitioner is located at 3000 Ridgelake Drive, Metairie, LA 70002.

4.

The RC-100 is an all steel, 1970s built, flat deck, inland type deck barge utilized as a crane barge with measurements of approximately 160' x 50' x 12'. The vessel has a semi-permanently mounted 1977 Manitowoc-4100W Vicon crane, placed on wooden mats on the centerline aft. The vessel is also outfitted with all equipment necessary to operate as a river-construction unit including, two spuds, anchors, anchor winches, vessel compressor, vessel generator, container work buildings, boom rest, raised storage platform, and mooring and towing related equipment.

5.

Venue is proper in the United States District Court for the Southern District of Texas, Houston Division, pursuant to the Federal Rules of Civil Procedure and Rule F(9) of the Supplemental Rules of Certain Admiralty and Maritime Claims because the RC-100 has not been attached or arrested and Petitioner has been sued in the 295th Judicial District Court for the State of Texas, Harris County in an action entitled "*Russell Marine, LLC v. Contanda Terminals, LLC*", Civil Action No. 2020-65752, which is within the geographic boundaries of the United States District Court for Southern District of Texas, Houston Division.

6.

At all times pertinent, the RC-100 was tight, staunch, strong, properly equipped, properly manned and was, in all respects, seaworthy and fit for the service in which it was engaged.

**Original Litigation**

7.

Petitioner has been sued as a Third-Party Defendant by Third-Party Plaintiff, Russell Marine, LLC (hereinafter "Russell Marine"), in a lawsuit entitled, *Russell Marine, LLC v.*

*Contanda Terminals, LLC*, Civil Action No. 2020-65752, pending in the 295th Judicial District Court of Harris County, Texas. A copy of the Original Petition is attached hereto as Exhibit "A".

8.

Russell Marine's claims against Petitioner and other parties arise from a construction contract between Russell Marine, LLC ("Russell Marine") and Contanda Terminals, LLC ("Contanda") for dredging and the construction of dock facilities at Contanda's property located at 16335 Peninsula Street, Houston, Texas 77015, at the Houston Ship Channel (the "**Project**").

9.

Upon information and belief, during the course of the Project, Russell Marine dredged an area of the ship channel adjacent to the existing sheet pile wall between the two docks and drove substantial new mooring dolphins in the area. While dredging was ongoing, the riprap back, sections of the road, concrete pad, and a sheet pile wall all began to fail. As a result of Russell Marine's dredging operations and this failure to ensure the safety of surrounding structures, on or about January 23, 2020, a section of the dock collapsed, and the sheet wall buckled.

10.

On October 14, 2020, Russell Marine brought suit against Contanda, asserting claims for breach of contract, quantum meruit, declaratory judgment, and attorney's fees. In its Petition, Russell Marine claimed its right to the retainage in the amount of $1,775,242.29, in addition to an equitable adjustment to the contract price of $1,334,352.85 due to changed site conditions that resulted in increased costs to Russell Marine.

11.

On November 23, 2020, Contanda asserted a general denial, affirmative defenses, and counterclaim against Russell Marine alleging that despite the clear language and requirements of

the Agreement, Russell Marine failed to complete the dredging Project in a timely, safe, competent, professional manner and within the specifications set forth in the contract. Contanda further alleged that Russell Marine failed to complete the project for the agreed upon fixed price. Through its Counterclaim, attached hereto as Exhibit "B", Contanda seeks damages against Russell Marine in the amount of at least $2,001,175 for the cost of repairs and installing a replacement sheet wall at the Terminal. Contanda also alleges that as a direct result of Russell Marine's breach of the Agreement, it has and continues to suffer damages.

12.

On May 19, 2021, in response to Contanda's Counterclaim, Russell Marine filed a Third-Party Petition adding Kelley Construction asserting that Kelly Construction is the party responsible for the wall collapse and damages sustained at Contanda's facility. Russell Marine has subsequently dismissed Kelley Construction.

13.

On January 20, 2022, in response to Contanda's Counterclaim, Russell Marine filed a First Amended Third-Party Petition, attached hereto as Exhibit "C", adding Petitioner, River Construction, and other Contanda contractors, James H. Jackson Industries, D/B/A Force Corporation, and CRB Construction, Inc., alleging that the defective work of these parties caused the damage alleged by Contanda and as such are responsible.

14.

On March 7, 2022, in response to Russell Marine's Counterclaim, Contanda has filed a Third-Party Petition naming Lloyd Engineering, Inc., which provided the survey, design, and specifications for the Project and for the work performed by Russell Marine, attached as Exhibit "D".

15.

On April 27, 2022, Lloyd Engineering filed a Motion for Leave to Designate Responsible Third-Parties, Engineering & Terminal Services L.P., Gullet and Associates, Inc., and Tolunay-Wong Engineers, Inc, attached hereto as Exhibit "E". This Motion remains pending.

16.

Petitioner has appeared and filed responsive pleadings to Russell Marine's Third-Party Demand, attached hereto as Exhibit "F", denying all allegations of negligence and instead maintaining that it, in no way, contributed to the failure of the Wall.

### Petitioner's Work on the Project with the RC 100

17.

On March 20, 2020, Petitioner entered into a Construction Agreement with Contanda Terminals, LLC to perform work on the Project. Petitioner had not performed any work for Contanda prior to coming under contact.

18.

Pursuant to the Construction Agreement, Petitioner performed work on the Project beginning on or about April 7, 2020 and ending on or about August 13, 2020. In performing work, Petitioner utilized its crane barge, the RC 100, to perform the work on the Project while on a navigable waterway, specifically Buffalo Bayou.

19.

Petitioner was tasked with repairing the original wall that had failed on or about January 23, 2020, reportedly as a result of Russell Marine's dredging operations and failure to ensure the safety of surrounding structures. It has been alleged that Petitioner negligently performed work

from the RC 100 in repairing the original wall, resulting in another wall failure and other alleged damages, all of which is expressly denied.

20.

The damages alleged by both Russell Marine and Contanda resulted due to no fault on the part of the Petitioner or the RC 100. The RC 100 was, at all material times, a seaworthy vessel and well and sufficiently equipped and supplied.

21.

Petitioner used due diligence, to the extent it was legally obligated to do so, to make the aforementioned vessel seaworthy, and it was prior to the casualty herein, tight, staunch, strong, fully and properly manned, equipped, and supplied and in all respects seaworthy and fit for the service in which it was engaged.

22.

The aforementioned activity and any alleged injuries or damages resulting from the aforementioned activity were not caused or contributed to by any fault, negligence, or lack of care on the part of Petitioner, its owners or officers, or the RC 100, but were caused instead by the fault, negligence, and lack of care of other parties or by circumstances beyond the control of Petitioner.

23.

Petitioner denies that it or the RC 100 is liable to any extent for any damages, losses and/or injuries, and in that regard, therefore, Petitioner is entitled to exoneration from liability for all claims, damages, losses and injuries which may have been done, occasioned or incurred by any reasons of the matters aforesaid.

24.

In the alternative, and without admitting liability, Petitioner avers that in the event it or the RC 100 should be held responsible to any person or parties, by reasons of the matters aforesaid, Petitioner and the RC 100 are entitled to the benefits of the Limitation of Liability Act as provided for in § 30501 through § 30512 of Title 46 of the United States Code and all laws supplementary thereto and amendatory thereof.

25.

All of the alleged losses, damages, and injuries resulting from the aforementioned incident were done, occasioned and incurred without fault on the part of the Petitioner and/or without Petitioner's privity or knowledge.

26.

The parties currently known to have potential Claims against Petitioner, River Construction Inc., resulting from the aforesaid activities are:

1.  Plaintiff, Russell Marine, LLC
    by and through its counsel of record
    Bijan R. Siahatgar
    Adam R. Diamond
    Clark Hill PLC
    909 Fannin Street, Suite 2300
    Houston, Texas 77010

    R. Price Anderson
    Clark Hill PLC
    901 Main Street, Suite 2300
    Dallas, Texas 75202

    Brian W Zimmerman
    Irving C. Stern
    Jennifer S. Wilson
    Spencer Fane, LP
    3040 Post Oak Blvd., Suite 1300
    Houston, Texas 77056

2. Contanda Terminals, LLC
   by and through its counsel of record
   KEAN MILLER LLP
   Timothy W. Strickland
   Tim.strickland@keanmiller.com
   Stacey T. Norstrud
   Stacey.norstrud@keanmiller.com
   711 Louisiana Street, Suite 1800
   South Tower Houston, Texas 77002

3. James H. Jackson Industries, Inc. d/b/a Force Corporation
   by and through its counsel of record
   Matthew T. McLain
   mclain@litchfieldcavo.com
   Litchfield Cavo, LLP
   100 Throckmorton St., Ste. 500
   Fort Worth, Texas 76102
   817.945.8025 (Telephone)
   917.753.3232 (Facsimile)

4. CRB Construction, Inc.
   by and through its counsel of record
   Nicholas T. Martinez
   NICHOLAS T. MARTINEZ PLLC
   1717 Turning Basin Drive, Suite 375
   Houston, Texas 77029
   nmartinez@ntmlegal.com

5. Lloyd Engineering, Inc.
   by and through its counsel of record
   John K. (Ken) Woodward
   BUSH & RAMIREZ, PLLC
   5615 Kirby Drive, Suite 900
   Houston, Texas 77005
   kwoodward.atty@bushramirez.com

6. Engineering & Terminal Services L.P.
   by and through its registered agent
   Charles H. Peckham
   800 Bering Drive, Suite 220
   Houston, Texas 77057

7. Gullet & Associates, LLC
   (f/k/a Gullet and Associates, Inc.)
   by and through its registered agent

       Corporation Service Company dba CSC – Lawyers Incorporating Service Company
       211 E. 7th Street, Suite 620
       Austin, Texas 78701

8. Tolunay-Wong Engineers, Inc.
   by and through its registered agent
   Daniel Wong
   10710 S. Sam Houston Pkwy W. Suite 100
   Houston, Texas 77031

9. Kelley Construction, Inc.
   by and through its counsel of record
   Ahmad, Zavitsanos, Anaipakos, Alavi & Mensing P.C.
   Ryan Hackney
   rhackney@azalaw.com
   Paul Turkevich
   pturkevich@azalaw.com
   1221 McKinney Street, Suite 2500
   Houston, Texas 77010
   Telephone: 713-655-1101
   Facsimile: 713-655-0062

27.

Petitioner avers that at the termination of the voyage hereinabove described, the market value of the RC 100 and the value of the Petitioner's interest in said vessel, did not exceed the sum of **FOUR-HUNDRED THIRTY THOUSAND DOLLARS AND ZERO CENTS ($430,000.00).** Petitioner provides the attached Declaration of Value by John J. Cunningham., attached as Exhibit "G," in support of this contention. At the time of the alleged incident the freight pending was **TWO THOUSAND DOLLARS AND ZERO CENTS ($2,000.00).**

28.

Petitioner has caused to be filed contemporaneously herewith, an Ad Interim Stipulation/Letter of Undertaking, in appropriate form for the payment into Court, for the amount of Petitioner's interest in the RC 100 and its pending freight at the close of the voyage aforementioned, together with interest at the rate provided by law from the date of said Ad Interim

Stipulation and for costs; in addition, Petitioner is prepared to give a bond or stipulation for any amount in excess of the Ad Interim Stipulations as may be ascertained and determined to be necessary under Orders of this Court, as provided by the laws of the United States and the Federal Rules of Civil Procedure.

29.

This Complaint is timely filed under Rule F(1) because it was filed within six (6) months of first receipt of a claim in writing, that is subject to a shipowner's protections under 46 U.S.C. § 30501, *et seq.*, arising from the aforementioned incident, which revealed a reasonable possibility that the claim may exceed the value of the RC 100. Petitioner's first receipt of a claim in writing was service of Russell Marine's third-party demand on February 7, 2022.

30.

The RC 100 has not been arrested or attached within six (6) months after the Petitioner received the first written notice of a claim as aforesaid.

31.

Petitioner avers that claims have been or may be asserted against it in amounts exceeding the total sum Petitioner may be required to pay under the laws of the United States relating to the exoneration from or limitation of a shipowner's liability.

32.

All and singular the premises are true and correct and within the admiralty and maritime jurisdiction of this Honorable Court, pursuant to Rule 9(h) of the Federal Rules of Civil Procedure, 28 U.S.C. §1333, and Rule F of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

**WHEREFORE**, Petitioner, River Construction Inc. prays:

(a)     That this Court accept Petitioner's Ad Interim Stipulation/Letter of Undertaking, as security for the RC 100 and its pending freight, which totals the amount of **FOUR-HUNDERED THIRTY-TWO THOUSAND DOLLARS AND ZERO CENTS ($432,000.00)** and cause the attached Order Approving Petitioner's Ad Interim Stipulation to be issued;

(b)     That this Court make an order directing the issuance of a monition and notice to all persons claiming damages for any and all loss of life, personal injury, destruction, property damage, or loss occasioned or incurred by, or resulting from the aforesaid casualty or other occurrences, as hereinabove described, or during the voyage on which the RC 100 was then engaged, citing them, and each of them to file their respective claims with the Clerk of this Honorable Court, and to serve copies of said claims upon the attorney for the Petitioner, on or before the time fixed by this Honorable Court in the monition or be forever barred and permanently enjoined from making and filing any such claims, to make due proof of their respective claims thereafter before a commissioner or this Honorable Court as this Honorable Court may later direct, and also to appear and answer the allegations of this Petition according to the laws, rules and practices of this Honorable Court at or before a certain time to be fixed by the monition.

(c)     That this Court issue an injunction, restraining the prosecution of all suits, actions and proceedings already begun to recover for damages sustained, arising out of or resulting from the incident or other occurrences, as hereinabove described, or arising out of the work in which the RC 100 was engaged, and restraining the commencement or prosecution hereafter of any suit, action or legal proceedings of any nature or description

11

whatsoever, except in the present proceedings, against Petitioner or its agents or representatives or any other person whatsoever, for whom Petitioner may be responsible or the RC 100 in respect of any claim or claims arising out of the Project and Petitioner's activities related thereto.

    (d)    That this Court, assuming that a claim is filed against Petitioner, as well as the RC 100 in this proceeding, adjudge:

    (i.)    That Petitioner is not liable to any extent for any loss of life, injury, destruction, property damage or loss, or for any claim whatsoever, in any way arising out of or consequent upon the aforesaid occurrence(s);

    (ii.)    Alternatively, if Petitioner shall be adjudged liable, that such liability be limited to the amount or value of Petitioner's interest in the RC 100, on which the aforesaid occurrence(s) took place, and that the money paid or secured to be paid as aforesaid, be divided *pro rata* among such Claimants as may duly prove their claims, if any, before this Court or a commissioner, if one be appointed, saving to all parties, any priorities to which they may be legally entitled, and that a decree may be entered discharging Petitioner from all further liability; and

    (iii.)    That Petitioner receive such other and further relief as the justice of the cause may require.

Respectfully submitted,

  */s/Aaron B. Greenbaum*
Aaron B. Greenbaum, T.A.
(SDTX - Federal ID No. 2023921, TX #24110938)
Salvador J. Pusateri
(SDTX – Federal ID No. 438301, TX #24072867)

Rowen F. Asprodites
(SDTX – Federal ID No. 3760102, LA #33135)
PUSATERI, JOHNSTON, GUILLOT & GREENBAUM
1100 Poydras Street, Suite 2250
New Orleans, LA 70163
Telephone: (504) 620-2500
Facsimile: (504) 620-2510
Aaron.Greenbaum@pjgglaw.com
Salvador.Pusateri@pjgglaw.com
Rowen.Asprodites@pjgglaw.com
**ATTORNEYS FOR PETITIONER-IN-LIMITATION
RIVER CONSTRUCTION, INC.**