United States District Court
Southern District of Texas

**ENTERED**

May 13, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | |
| COMPLAINT OF RIVER | § | |
| CONSTRUCTION INC., AS | § | |
| OWNER AND OPERATOR OF | § | CIVIL ACTION NO. 4:22-cv-2413 |
| THE RC-100 FOR | § | |
| EXONERATION FROM OR | § | |
| LIMITATION OF LIABILITY | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court[1] is BWC Terminals LLC f/k/a Contanda Terminals, LLC's ("Contanda") Motion for Leave to File First Amended Answer and Claim (ECF No. 111). Based on a review of the motion, arguments, and relevant law, the Court **RECOMMENDS** Contanda's motion (*id.*) be **DENIED**.

## I.    Background

This dispute arises from the construction of terminal facilities owned by Contanda. (ECF No. 1). On October 14, 2020, Russell Marine, LLC ("Russell Marine") sued Contanda in the 295th Judicial District Court, Harris County, Texas, where Russell Marine asserted claims for breach of contract, quantum meruit, declaratory judgment, and attorney's fees (the "State Court Action").

---

[1] On April 30, 2024, this case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (ECF No. 88).

(ECF No. 1-2).  On November 23, 2020, Contanda asserted a general denial, affirmative defenses, and a counterclaim against Russell Marine.  (ECF No. 1-3).  On January 20, 2022, in response to Contanda's Counterclaim, Russell Marine filed a First Amended Third-Party Petition, adding River Construction Inc. ("River") and other Contanda contractors.  (ECF No. 1-4).

On July 20, 2022, River filed the instant limitation action.  (ECF No. 1). On July 26, 2022, the Court issued an Order Approving Petitioner's Ad Interim Stipulation for Value and Directing Issuance of Notice and Restraining Prosecution of Claims.  (ECF No. 4).  The order required any claimant desiring to contest River's right to exoneration from or limitation of liability to file their respective claims, under oath, on or before September 9, 2022, or be defaulted. (*Id.*).  The order also required River to provide notice in accordance with Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims. (*Id.*).  A Notice to Claimants of Complaint for Exoneration from or Limitation of Liability was issued on July 27, 2022 (ECF No. 5) and River provided proof of notice published in the newspaper in Harris County for four consecutive weeks (ECF No. 38-1).

The only persons, firms, corporations, or entities that have submitted claims against River within the allotted time were Russell Marine and Contanda.  (*See* ECF Nos. 14, 24).  In making its claim, Contanda reserved the

right "to supplement and amend its Claims as necessary and appropriate through the discovery of additional information relevant hereto." (ECF No. 14 at 5).

However, on March 17, 2023, the District Judge dismissed Contanda's claims for contribution, indemnity, and attorney's fees because "Contanda does not contend that it has made a direct claim" and "not only are these claims [for contribution/indemnity/attorney's fees] one step removed from a direct liability claim, but they are, at best, unripe claims that can never ripen unless the pleadings change." (ECF No. 72 at 6). Later, on June 1, 2023, the District Judge stayed the instant case until the conclusion of the State Court Action. (ECF No. 82).

On June 21, 2024, Contanda filed a Seconded Amended Answer and Counterclaim in the State Court Action, asserting direct claims against River for breach of contract and negligence as well as contribution and indemnity claims. (*See* ECF No. 115 at 6–7). Because Contanda asserted a direct claim in the State Court Action, River filed a Motion to Re-Open Limitation Action and Re-Establish Limitation Injunction, requesting "an Order administratively reopening this limitation action and re-establishing the limitation injunction originally issued on July 26, 2022 (Rec. Doc. 4), prohibiting any and all claims from being filed against River Construction or

3

against the RC-100 outside of this Limitation Action." (ECF No. 90 at 1).  On

August 19, 2024, the Court granted the motion and held:

> Civil Matter No. 4:22-cv-2413 is hereby reopened and the limitation injunction originally issued by this Court on July 26, 2022 (ECF No. 4) is hereby reinstated, restraining, staying, and enjoining any and all actions, suits, and proceedings already commenced and commenced or prosecuted hereafter, and all actions, suits, or proceedings of any nature and description whatsoever in any jurisdiction against Limitation Petitioner, River Construction, or against the crane barge, the RC-100.

(ECF No. 100 at 7).

On October 10, 2025, Contanda filed the instant Motion for Leave to File

First Amended Answer and Claim (ECF No. 111).  Contanda seeks to assert

negligence and breach of contract claims against River.  (*See* ECF No. 111-1).

## II.    Legal Standard

Supplemental Admiralty Rule F(4) states: "For cause shown, the court

may enlarge the time within which claims may be filed."  FED. R. CIV. P. SUPP.

RULE F(4).  In *Texas Gulf Sulphur Co. v. Blue Stack Towing Co.*, the Fifth

Circuit established the framework for how district courts are to apply

Supplemental Rule F(4) to determine whether to allow late claims in maritime

limitation of liability actions.  313 F.2d 359, 362 (5th Cir. 1963).  *Texas Gulf*

explained that courts "readily accept the guiding principle . . . that so long as

the limitation proceeding is pending and undetermined, and the rights of the

parties are not adversely affected, the court will freely grant permission to file

late claims . . . upon a showing of the reasons therefor." *Id.* Thus, courts weigh three factors in determining whether a claimant may file a late claim against a limitation petitioner: (1) whether the proceeding is pending and undetermined, (2) whether granting the motion will adversely affect the rights of the parties, and (3) the claimant's reasons for filing late." *Golnoy Barge Co. v. M/T SHINOUSSA*, 980 F.2d 349, 351 (5th Cir. 1993). "'Relief from a tardy claim . . . depends on an equitable showing.'" *Id.* (quoting *Texas Gulf*, 313 F.2d at 363). Whether to grant leave to file a late claim is within the sound discretion of the district court. *In re Trace Marine Inc.*, 114 F. App'x 124, 127 (5th Cir. 2004).

## III.   Discussion[2]

Contanda seeks leave to file a First Amended Answer and Claim. (ECF No. 111 at 3). As discussed, "a district court ruling on a motion to file a late claim, should consider (1) whether the proceeding is pending and undetermined, (2) whether granting the motion will adversely affect the rights

---

[2] River also argues Contanda's breach of contract claim is subject to the limitation of liability because it contemplates a breach in the performance of River's crew of employees working about the RC 100, not the owners of the RC 100, personally, and is therefore time-barred. (ECF No. 114 at 7–10). Contanda does not appear to respond to this argument. (*See* ECF No. 115). Further, River argues all of Contanda's claims are barred by the applicable statutes of limitations. (ECF No. 114 at 10–11). Again, Contanda does not appear to address this argument other than denying that its claims in the limitations action are untimely. (*See* ECF No. 115 at 8). Because the Court resolves the instant motion on other grounds, the Court need not reach River's alternate arguments.

of the parties, and (3) the claimant's reasons for filing late." *Golnoy Barge*, 980 F.2d at 351; *see also Tex. Gulf*, 313 F.2d at 363.

River argues Contanda's request should be denied because, when considering the *Texas Gulf* factors, (1) the proceeding is neither pending nor undetermined, (2) granting Contanda's motion will adversely affect the rights of the parties, and (3) Contanda cannot explain its reason for failing to pursue a timely claim. (ECF No. 114 at 14–23). The Court will address each argument in turn.

    a.  Whether The Proceeding Is Pending and Undetermined

In determining whether a case is "pending and undetermined" in reference to a limitation proceeding, courts are generally guided by the stage of the litigation, the terms of discovery, settlement efforts, and the setting of a trial date. *See Plaquemine Point Shipyard, LLC v. Kirby Inland Marine, LP*, 472 F. Supp. 3d 313, 315 (E.D. La. 2020).

River argues the first *Texas Gulf* factor weighs heavily in favor of denying the untimely[3] claim because the litigation has proceeded for nearly five years and the introduction of Contanda's new claims at this late stage would further prolong the action. (ECF No. 114 at 16). River adds that

---

[3] Contanda denies that its claim is untimely. (ECF No. 115 at 8). However, because River alleges Contanda's claim is untimely, Contanda's reply addresses the applicable standard. (*Id.*).

Contanda could have raised its negligence and breach of contract claims prior to the September 9, 2022 deadline. (*Id.* at 17). River also notes that this limitation action was rendered as a single claimant action as a result of Contanda's original claim being dismissed on March 17, 2023, which "forc[ed] [River] into litigation for years in state court." (*Id.* at 17–18). As such, River contends that:

> allowing Contanda to assert an entirely new claim in the limitation proceeding after the discovery deadline has passed in the State Court Action – which was allowed to proceed because of Contanda's failure to file a substantive claim in the first place, remains highly contradictory and negates the express protections to which a vessel owner is entitled and Petitioner has asserted under the Limitation Act.

(*Id.* at 18). Finally, River points out that, on the eve of trial in state court, Contanda "filed significant $6,000,000 direct claims against Petitioner in the State Court Action which clearly implicates the limitation fund amount of $432,000."[4] (*Id.*).

---

[4] River also argues that "single limitation claimant, Russell Marine, reached a settlement with Contanda, leaving no remaining claimants in Petitioner's limitation action." (ECF No. 114 at 18). Contanda responds that "any settlement between claimants Contanda and Russell Marine is inconsequential to the Court's analysis of timeliness." (ECF No. 115 at 10). The Fifth Circuit has noted that a limitation proceeding is at least "partially determined" when a petitioner in a limitation action had settled with one claimant and was in settlement negotiations with another. *In re Trace Marine, Inc.*, 114 Fed. App'x at 127. As such, because River has not been involved with a settlement in this case, the Court finds the settlement between Contanda and Russell Marine does not weigh into the Court's analysis.

In response, Contanda argues there has been "absolutely no litigation or determinations made with respect to River's limitations action." (ECF No. 115 at 10).  Contanda also maintains this case remains pending and undetermined because there is no pending trial date or governing docket control order.  (*Id.*).  Contanda does not respond to River's arguments on discovery or the delay in raising its negligence and breach of contract claims.

The Court finds this factor to be neutral.  While a trial date has not been set and River has not extended settlement offers, the parties have allegedly completed substantial amounts of discovery in state court.  "Courts have found a case pending and undetermined when a trial date has not been set . . . ." *Plaquemine Point Shipyard*, 472 F. Supp. 3d at 315 (citing *In re R & B Falcon Drilling USA, Inc.*, No. 02-cv-0241, 2003 WL 296535 (E.D. La. Feb. 10, 2003)). "However, the opposite is true when parties have completed substantial amounts of the discovery or if the petitioner has already extended settlement offers to the timely claimants."  *Id.* at 315–16 (citing *In re Complaint of Clearsky Shipping Corp.*, No. 96-cv-4099, 2000 WL 1741785, at *2 (E.D. La. Nov. 22, 2000)).  As such, the Court finds the first *Texas Gulf* factor neither weighs in favor of or against Contanda's request.

b.  <u>Whether Granting the Motion Will Adversely Affect the Rights of the Parties</u>

"The determination of whether a late claim will adversely affect the parties takes several factors into consideration, including the stage of the litigation." *Matter of D & S Marine Serv., L.L.C.*, 767 F. Supp. 3d 437, 441 (S.D. Tex. 2025), *report and recommendation adopted sub nom. D&S Marine Serv., LLC v. Lott*, No. 4:24-cv-03575, 2025 WL 1805167 (S.D. Tex. June 3, 2025) (collecting cases).  Similar to the first factor, courts consider how far litigation has progressed, including whether discovery has occurred or a trial date has been set.  *Id.* at 441–42.

River argues that allowing Contanda leave to amend would result in an overwhelming amount of prejudice.  (ECF No. 114 at 18–19).  River reiterates that, after the claims deadline passed, the case was litigated for nearly two years, discovery was conducted, and River has only evaluated the claims of Russell Marine as it was the only party claiming against it.  (*Id.* at 19).  River also argues it has lost the ability to seek contribution from potentially liable third parties and provides the following example:

> [B]ecause Contanda waited nearly five years (and three years past the limitation claims deadline) to bring its direct claim against [River] in Harris County, when [River] sought to designate responsible third parties under the Texas Civil Practice & Remedies Code § 33.004, Contanda filed an Opposition to numerous parties being designated *based on the applicable statutes of limitation* for breach of contract (4 years) and negligence

> (2 years) under Texas law.  Further, as part of the limitation action, [River] previously filed a Third-Party Demand against Lloyd Engineering and tendered Lloyd as a direct defendant to Contanda, asserting that Lloyd was responsible for any damages suffered by Contanda.  This Third-Party Demand was rendered void by the dismissal of Contanda's Claim.  If Contanda were allowed to bring a late claim now, [River] would have to re-assert this Third-Party Demand against Lloyd, but would again be met with arguments under the statute of limitations, as Lloyd has already filed against Contanda in Harris County.

(*Id.* at 19–20 (emphasis in original)).

Conversely, Contanda argues that equity and the specific circumstances of this litigation support a late filing.  (ECF No. 115 at 11).  Contanda restates that there is no governing scheduling order or trial date set in this case.  (*Id.*).  Contanda adds that there is "[n]o question" that River knew Contanda would file a claim and that River will not be prejudiced because "the only discovery conducted has occurred in the state court action and fully involved both River and Contanda."  (*Id.* at 11–12).

The Court finds this factor weighs against Contanda's request.  The Court is particularly persuaded by River's argument that it has lost the ability to seek contribution from potentially liable third parties (ECF No. 114 at 19–20), which Contanda does not address in its Reply.  *See In re Trace Marine Inc.*, 114 F. App'x at 127 (5th Cir. 2004) (considering as part of the court's analysis of the second factor that the petitioner relied on a certain number of claimants when making litigation decisions that would be adversely affected if a motion

to file a late claim was granted).  As such, given the stage of litigation, the Court finds the second *Texas Gulf* factor weighs against Contanda's request

### c. The Claimant's Reasons for Filing Late

Ultimately, "'[r]elief from a tardy claim . . . depends on an equitable showing.'"  *Golnoy Barge*, 980 F.2d at 351 (quoting *Texas Gulf*, 313 F.2d at 363).  Courts have explained that the provided reasons must "meet the applicable standard of 'good cause' as articulated by this Circuit." *Plaquemine Point Shipyard*, 472 F. Supp. 3d at 316 (collecting cases); *see also In re Trace Marine Inc.*, 114 F. App'x at 128 ("The court further stated that because the reasons provided by the claimants for *why* they filed untimely did not justify their seven-month delay, equity did not favor allowing their motion to file late." (emphasis in original)).

River contends that, while courts have allowed late filed claims in limited circumstances, none of those circumstances exist in the instant case. (ECF No. 114 at 21).  River further asserts that Contanda has had enough information to file its claims prior to the September 9, 2022 claims filing deadline and that to assert otherwise would be "disingenuous and patently false."  (*Id.* at 22).  As such, River argues that Contanda cannot establish good cause.  (*Id.* at 21).  Conversely, Contanda argues that it has complied with all

11

governing deadlines in both this case and the state court action. (ECF No. 115 at 12–13).

River is correct that courts have allowed leave to file late claims when circumstances include "lack of notice, an unusually short monition period, inability to speak the language in which the notice was published, [or] lack of publication in the attempted claimant's geographical area." *Clearsky Shipping Corp.*, 2000 WL 1741785, at \*2. However, Contanda does not argue that any of these circumstances apply in this case. Further, while Contanda maintains it complied with all governing deadlines, it does not explain why its claims could not have been filed prior to the September 9, 2022 claims filing deadline. (*See* ECF No. 115 at 12–13). Thus, the Court finds Contanda has not met its burden of establishing good cause. *See In re Trace Marine Inc.*, 114 F. App'x at 127. As such, the Court finds the third *Texas Gulf* factor weighs against Contanda's request.

## IV. Conclusion

Based on the foregoing, the Court **RECOMMENDS** Contanda's Motion for Leave to File First Amended Answer and Claim (ECF No. 111) be **DENIED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b)

and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

Should this Memorandum and Recommendation be adopted by the District Judge, the parties are **ORDERED** to file a new proposed scheduling order within ten days of the Order adopting the Memorandum and Recommendation.

**SIGNED** in Houston, Texas on May 13, 2026.

Richard W. Bennett
United States Magistrate Judge

13